UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**ONIS GEORGE CARTER JR.**,                                    :
                                                               :
                                     Plaintiff,                :
                                                               :   **MEMORANDUM DECISION AND**
                                                               :   **ORDER**
                      – against –                              :
                                                               :   22-CV-2702 (AMD) (LB)
                                                               :
**POM T. CAMPANELLI, JOHN DOE,**                               :
**RUNWAY TOWING CORP.**,                                       :
                                                               :
                                     Defendants.               :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff, Onis George Carter Jr., proceeding *pro se*, commenced this action pursuant to 42 U.S.C § 1983 regarding the unlawful impoundment of his car.  The Court grants the plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 solely for the purpose of this order.  However, for the reasons set forth below, the plaintiff's action is dismissed with leave to amend for failure to state a claim upon which relief may be granted.

## BACKGROUND

The plaintiff alleges that on April 22, 2022 Officer Campanelli impounded his car because he had a suspended registration.  (ECF No. 1 at 3-5.)  The plaintiff asserts that his car was towed to Runway Towing Corporation.  After he paid a fine, his car was towed back to his home.  (*Id.* at 5.)  According to the plaintiff, Officer Campanelli violated his rights under the Fourteenth Amendment.  (*Id.* at 4.)  The plaintiff seeks monetary damages.  (*Id.* at 6.)

## LEGAL STANDARD

In order to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The plaintiff is proceeding *pro se*, so I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes

2

that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

The plaintiff alleges that defendants violated his rights under the Privileges and Immunities Clause of the Fourteenth Amendment by impounding his car.  However, the Privileges and Immunities Clause of the Fourteenth Amendment protects only the enumerated privileges and immunities of federal citizenship.  Property rights, which are created by state law, do not fall into this category.  *Levine v. McCabe*, 357 F. Supp. 2d 608, 619 (E.D.N.Y. 2005) ("Property rights have thus not been protected under the 'privileges and immunities' clause of the [Fourteenth Amendment.]"); *see also Slaughter-House Cases*, 83 U.S. 36 (1872).

Construing the plaintiff's complaint liberally, the Due Process Clause of the Fourteenth Amendment applies to actions by state actors and can give rise to Section 1983 claims under certain circumstances.  "[T]he Due Process Clause of the Fourteenth Amendment prohibits the States[ ] from depriving any person of property without 'due process of law.'"  *Dusenbery v. United States*, 534 U.S. 161, 167 (2002).  "[T]he touchstone of due process is protection of the individual against arbitrary action of government."  *Weisshaus v. Cuomo*, 512 F. Supp. 3d 379, 395 (E.D.N.Y. 2021) (quoting *City of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998)). Section 1983 claims that allege violations of due process must demonstrate that the defendants deprived the plaintiff of a federally protected interest and did so in the absence of procedural or substantive due process.  *See Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011); *see also DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 130 (2d Cir. 1998) (where a plaintiff claims he was deprived of property right in violation of the substantive due process doctrine, the court must begin "by determining whether a constitutionally cognizable property interest is at stake");

*NYTDA, Inc. v. City of New York*, No. 19-CV-6445, 2022 WL 824147, at *7 (E.D.N.Y. Mar. 18, 2022).

To bring a substantive due process claim, a plaintiff must plead (1) the deprivation of a constitutional right, and (2) state action that "was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021) (quoting *Southerland v. City of New York*, 680 F.3d 127, 151 (2d Cir. 2012)). The plaintiff admits that his car was impounded because his car registration was suspended. Accordingly, Officer Campanelli appears to have had a valid basis for impounding the plaintiff's car, so his conduct was neither "egregious" or "outrageous." *See, e.g., Tsinberg v. New York*, No. 20-CV-749, 2021 WL 1536659, at *12 (S.D.N.Y. Jan. 22, 2021), *report and recommendation adopted sub nom.*, No. 20-CV-749, 2021 WL 1146942 (S.D.N.Y. Mar. 25, 2021) (finding that the plaintiff failed to allege that the City deprived him of his vehicle through arbitrary or outrageous actions that would "shock the conscience"); *Davis v. Nassau Cnty.*, No. 06-CV-4762, 2011 WL 5401663, at *6 (E.D.N.Y. Nov. 5, 2011) (finding that the plaintiff failed to allege any facts that demonstrate the defendants deprived him of his license privileges through actions that "shock the conscience" because of their arbitrary or outrageous conduct); *Schaer v. City of New York*, No. 09-CV-7441, 2011 WL 1239836, at *6 (S.D.N.Y. Mar. 25, 2011) (noting that the seizure of vehicles to satisfy parking fines has been held to be constitutional and furthers a legitimate state interest); *Rackley v. City of New York*, 186 F. Supp. 2d 466, 480 (S.D.N.Y. 2002) ("While there is no dispute that plaintiff's property and liberty interests were implicated by the seizure of his car, plaintiff has failed to demonstrate that the defendants deprived him of these rights through actions that shock the conscience because of their arbitrariness or

outrageousness").  Thus, the plaintiff has not stated a claim for a violation of his substantive due process rights.  *See* 28 U.S.C. § 1915(e)(2)(B).

Further, a claim under Section 1983 for deprivation of procedural due process "is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process."  *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) (citing *Narumanchi v. Bd. of Trustees*, 850 F.2d 70, 72 (2d Cir. 1988)); *Colson v. New York Police Dep't*, No. 13-CV-5394, 2015 WL 64688, at *9 (E.D.N.Y. Jan. 5, 2015).  Deprivation of property by a state actor, whether done intentionally or negligently, will not support a due process claim redressable under § 1983 if "adequate state post-deprivation remedies are available."  *Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (dismissing deprivation of property claim under § 1983 because other state remedies were available)).

To the extent that the defendants deprived the plaintiff of a property interest by impounding his car, the plaintiff has not pled facts sufficient to establish that he was deprived of that interest without due process.  *See, e.g., Hawthorne by Hawthorne v. Cnty. of Putnam*, 492 F. Supp. 3d 281, 304 (S.D.N.Y. 2020) (noting that where the defendants' impounded the plaintiff's car following a traffic stop the conduct did not implicate procedural due process concerns); *see also Tsinberg*, 2021 WL 1536659, at *9-10; *Vasquez v. Yadali*, No. 16-CV-895, 2020 WL 1082786, at *12 (S.D.N.Y. Mar. 5, 2020) (noting that the plaintiff fails to allege the inadequacy of any post-deprivation hearings following the impoundment of his vehicle); *Domeneck v. City of New York*, No. 18-CV-7419, 2019 WL 5727409, at *10 (S.D.N.Y. Nov. 5, 2019) (dismissing plaintiff's Fourteenth Amendment claim regarding the deprivation of his vehicle because the plaintiff has not plausibly alleged that the process he received was insufficient).  Accordingly,

the plaintiff fails to state a claim for a violation of his procedural due process rights.  *See* 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For these reasons, the plaintiff's complaint is dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court grants the plaintiff leave to file an amended complaint within 30 days.  Any new complaint must be captioned "Amended Complaint" and bear the same docket number as this order.  If plaintiff chooses to file an amended complaint, he should clarify the circumstances under which his car was impounded, and also submit supporting materials. All further proceedings are stayed for 30 days.  If the plaintiff does not file an amended complaint within 30 days, judgment must be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
       May 25, 2022